[Cite as *In re K.A.U.*, 2026-Ohio-2859.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| IN RE: | : | |
| K.A.U. | : | CASE NO. CA2025-12-142 |
| | : | OPINION AND JUDGMENT ENTRY 7/27/2026 |
| | : | |
| | : | |
| | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JS 2025-0060

Butler County Child Support Enforcement Agency, and Julie K. Effler, for appellee.

Father, pro se.

**O P I N I O N**

**PIPER, J.**

{¶ 1} Appellant, Father, appeals from the order of the Butler County Court of Common Pleas, Juvenile Division, adopting the decision of the magistrate and ordering

that he pay Mother child support.

## I. Factual and Procedural Background

{¶ 2}   Kadja Monae ("Mother") and Tony Ubri ("Father") are the parents of K.A.U., born May 2, 2024. The parties were never married. Mother applied to the Butler County Child Support Enforcement Agency (CSEA) for Title IV-D services and for the establishment of a child support order.

{¶ 3}   After reviewing the matter, CSEA determined that a child support order requiring Father to pay support to Mother was appropriate and an administrative child support hearing was scheduled to determine the amount of support. Both parties received notice of the hearing. The hearing was conducted by telephone before a CSEA administrative hearing officer, with both Mother and Father participating, although Father's participation was brief.

{¶ 4}   On August 26, 2025, CSEA issued an administrative child support order pursuant to R.C. 3111.81. Under R.C. 3111.84, either parent had 14 days from the issuance of the administrative order to file objections in juvenile court. Neither parent filed objections within that period.

{¶ 5}   On October 9, 2025, Father filed a Motion for Leave to File Late Response to Administrative Findings/Order as well as a Complaint for Court Review of Administrative Findings/Order. Father asserted that the income information used to calculate the administrative child support order was inaccurate.

{¶ 6}   A hearing on Father's filings was held before a Butler County Juvenile Court magistrate on December 3, 2025. Both Mother and Father appeared and participated. In a decision issued the same day, the magistrate granted Father's request for additional time but denied his objections to the administrative support order and adopted the same as an order of the juvenile court.

{¶ 7} On December 5, 2025, Father filed a motion to set aside the magistrate's order, arguing that the court lacked jurisdiction because he had not been properly served, rendering the judgment void. In a judgment entry dated December 11, 2025, the juvenile court construed Father's motion as an objection to the magistrate's decision, found the objection not well taken, overruled it, and adopted the magistrate's December 3, 2025 decision as an order of the court. In support of its decision, the juvenile court found that Father filed his Complaint for Court Review of Administrative Findings/Order on October 9, 2025 and that he was personally served on that same date with notice of the December 3, 2025 hearing, which he personally signed and dated.

## II. Legal Analysis

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE COURT ERRED BY ADOPTING THE MAGISTRATE'S DECISION AND PERMITTING ENFORCEMENT OF CHILD SUPPORT ORDERS WHERE THE COURT LACKED PERSONAL JURISDICTION DUE TO IMPROPER SERVICE OF PROCESS.

{¶ 10} In his first assignment of error, Father asserts that the trial court's orders to withhold income and enforce the administrative support order were issued prior to any valid service establishing the trial court's personal jurisdiction and therefore are void. Father also asserts that the juvenile court adopted the magistrate's decision without addressing this lack of personal jurisdiction. However, Father never filed a transcript of the hearing before the magistrate (nor of the prior administrative hearing) with the juvenile court in accordance with Juv.R. 40(D)(3)(b)(iii) which might have addressed the issue.

Accordingly, there is no transcript in the appellate record.[1]

{¶ 11} "'Where portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus has no choice but to presume the regularity or validity of the lower court's proceedings and affirm.'" *In re B.G.*, 2024-Ohio-1731, ¶ 27 (12th Dist.), quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). On appeal, Father cites no record evidence showing improper service and relies only on his unsupported assertions.

{¶ 12} The record before us reflects that Father received notice of the administrative child support hearing and he appeared and participated, if only briefly. After the administrative support order was issued, Father did not immediately file objections, but on October 9, 2025, filed a Motion for Leave to File Late Response to Administrative Findings/Order. In that filing, Father stated "THE UNDERSIGNED IS NOT MAKING A GENERAL APPEARANCE IN COURT VOLUNTARILY BUT IS MAKING A SPECIAL APPEARANCE REQUIRING THE COURT TO PROVE IT HAS PERSONAL JURISDICTION OF THE BODY OF TONY UBRI" [sic]. On the same day, Father filed a Complaint for Court Review of Administrative Findings/Order along with his objections to the administrative support order. Father subsequently appeared and participated in the hearing on those filings on December 3, 2025. The transcript of those proceedings has not been made a part of the record on appeal, therefore we presume regularity in the proceedings. *B.G.* at ¶ 27.

---

1. We note that on March 16, 2026—after having already filed his appellate brief and after CSEA filed its answer—Father filed a notice with this court that he had requested and paid for a transcript of the December 3, 2025 hearing before the magistrate, and that it "is being filed with the Clerk of the Butler County Juvenile Court and transmitted to the Twelfth District Court of Appeals to be made part of the official record on appeal." Nevertheless, this transcript was not filed with the trial court for its consideration when it reviewed Father's objections to the magistrate's decision. This court cannot consider a transcript that the trial court had no opportunity to review. *Suwareh v. Nwankwo*, 2026-Ohio-2225, ¶ 15, fn. 2(12th Dist.); *In re N.B.*, 2026-Ohio-2612, ¶ 5 (8th Dist.).

{¶ 13} In reviewing the magistrate's decision, the trial court found that "[Father] filed the Complaint for Court Review of Administrative Findings/Order on October 9, 2025 and was personally served with Notice of Hearing with the hearing date of December 3, 2025 on October 9, 2025 which he personally signed and dated." Thus, the trial court concluded that Father had submitted himself to the trial court's jurisdiction. Moreover, no transcript was provided for the trial court's review and "[a] trial court is not required to give preclusive effect to a movant's sworn statement that [he] did not receive service of process when the record contains no indication that service was ineffectual." *Bank of New York Mellon v. Maxfield*, 2016-Ohio-2990, ¶ 11 (12th Dist.).

{¶ 14} Absent a transcript of the hearing before the magistrate to indicate otherwise, we must presume that the trial court's finding was proper and that Father submitted himself to the personal jurisdiction of the Court by filing his complaint and then being personally served with notice of the hearing. *See Kennedy v. Kennedy*, 2010-Ohio-404, ¶ 9 (9th Dist.).

{¶ 15} Father's first assignment of error is overruled.

{¶ 16} Assignment of Error No. 2:

{¶ 17} THE TRIAL COURT ERRED BY FAILING TO ADDRESS CONFLICTING AND INCONSISTENT CHILD SUPPORT ENFORCEMENT ORDERS, RESULTING IN VIOLATIONS OF APPELLANT'S RIGHT TO DUE PROCESS.

{¶ 18} In his second assignment of error, Father argues that he was denied due process because of what he characterizes as "irreconcilable enforcement directives." Specifically, Father points to a Notice to Income Provider to Terminate Withholding dated December 8, 2025, followed by income-withholding orders dated January 2 and January 5, 2026. Those orders, however, postdate the proceedings from which Father appeals and are not part of the record before us. In addition, Father did not raise any issue

concerning allegedly conflicting enforcement directives in the juvenile court. His motion to set aside the magistrate's decision, which the trial court construed as an objection to the magistrate's decision, challenged only personal jurisdiction. Father therefore may not raise the issue of alleged "irreconcilable enforcement directives" for the first time on appeal. *BAC Home Loans Servicing, LP v. Mullins*, 2014-Ohio-4761, ¶ 33 (12th Dist.) ("it is axiomatic that a party cannot raise new issues or legal theories for the first time on appeal and failure to raise an issue before the trial court results in waiver of that issue for appellate purposes"). Even so, Father's appellate brief never establishes how these orders are irreconcilable.

{¶ 19} Father's second assignment of error is overruled.

{¶ 20} Assignment of Error No. 3:

{¶ 21} THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION WITHOUT CONDUCTING THE INDEPENDENT REVIEW REQUIRED BY CIV.R. 53.

{¶ 22} In his third assignment of error, Father argues the trial court failed to conduct an independent review of the record as required by Civ.R. 53(D)(4)(d) when it overruled his objections to the magistrate's decision. However, as this is a juvenile court proceeding, the parallel rule of Juv.R. 40(D)(4)(d) applies. Here, the juvenile court's December 11, 2025 order specifically states that a review of the record was completed. Juv.R. 40(D)(4)(d) does not require a juvenile court to cite any specific portion of the record to demonstrate that it has completed an independent review, nevertheless in resolving the jurisdictional issue, the trial court stated "[Father] filed the Complaint for Court Review of Administrative Findings/Order on October 9, 2025 and was personally served with Notice of Hearing with the hearing date of December 3, 2025 on October 9, 2025 which he personally signed and dated." As we stated above, Father only objected

to the juvenile court's personal jurisdiction and did not file transcripts with the juvenile court of the hearing before the magistrate or the prior administrative hearing. There was little else for the trial court to consider for its review.

{¶ 23} Father's third assignment of error is overruled.

{¶ 24} Assignment of Error No. 4:

{¶ 25} THE TRIAL COURT ERRED BY ADOPTING CHILD SUPPORT CALCULATIONS BASED ON IMPROPER AND UNSUPPORTED INCOME ASSUMPTIONS, RESULTING IN AN ABUSE OF DISCRETION AND AN UNFAIR DETERMINATION.

{¶ 26} In his fourth assignment of error, Father argues that the child support order is not supported by competent credible evidence and should be vacated because it relies upon false and unsupported income assumptions, including imputing business income that he did not earn. However, while Father raised this issue in his October 9, 2025 Complaint for Court Review of Administrative Findings/Order, he did not preserve any such argument in his motion to set aside the magistrate's decision which the trial court interpreted as an objection to the magistrate's decision.

{¶ 27} Juv.R. 40(D)(3)(b)(iv) provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion . . . unless the party has objected to that finding as required by Juv.R. 40(D)(3)(b)." This waiver under the rule embodies the long-recognized principle that the failure to draw the trial court's attention to possible error when the error could have been corrected results in a waiver of the issue for purposes of appeal. *In re K.P.R.,* 2011-Ohio-6114, ¶ 9 (12th Dist.). This court previously ruled that unless the appellant argues a "claim of plain error," the appellant has waived the claimed errors not objected to below. *Id.* at ¶ 10. Father has not argued a claim of plain error, thus these claimed errors are waived.

Even if these errors were not waived, we have no transcript to review and cannot discern any plain error.

{¶ 28} Father's fourth assignment of error is overruled.

### III. Conclusion

{¶ 29} For the reasons outlined above, and having now overruled each of Father's four assigned errors, Father's appeal is denied.

{¶ 30} Judgment affirmed.


HENDRICKSON, P.J., and M. POWELL, J., concur.

## J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Butler County Court of Common Pleas, Juvenile Division, for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Robert A. Hendrickson, Presiding Judge*

*/s/ Robin N. Piper, Judge*

*/s/ Mike Powell, Judge*